GRIEB v ALPINE VALLEY SKI AREA, INC

Docket No. 85271. Submitted May 13, 1986, at Detroit. Decided
October 20, 1986. Leave to appeal denied, 428 Mich —.

Michelle Grieb brought an action in the Oakland Circuit Court
against Alpine Valley Ski Area, Inc., doing business as Alpine
Valley Ski Resort, seeking damages for injuries sustained when
plaintiff was struck from behind by an unknown skier while
skiing at the resort. The trial court, Robert L. Templin, J.,
granted defendant's motion for accelerated judgment on the
ground that plaintiff's cause of action was precluded under the
Ski Area Safety Act. Plaintiff appeals.

The Court of Appeals held:

1. The Ski Area Safety Act clearly and unambiguously pro-
vides that an injury resulting from a collision with another
skier is an obvious and necessary danger assumed by skiers.

2. The Ski Area Safety Act does not violate the equal protec-
tion or due process guarantees of the constitution.

Affirmed.

1. Negligence — Ski Area Safety Act — Assumption of Risk.

The Ski Area Safety Act provides that an injury resulting from a
collision with another skier is an obvious and necessary danger
assumed by skiers (MCL 408.342[2]; MSA 18.483[22][2]).

2. Negligence — Constitutional Law — Ski Area Safety Act —
Equal Protection — Due Process.

The Ski Area Safety Act's delineation of ski operators' and skiers'
duties and responsibilities, along with skiers' assumption of
certain expressed inherent dangers, is reasonably related to
obtaining the legitimate state objectives of promoting safety,
reducing litigation and stabilizing the economic conditions in
the ski resort industry; the safety and economic rationales of
the act are legitimate state objectives which are accomplished
through a reasonable scheme rationally related to the stated
legislative purpose; the act does not violate equal protection or

References

Am Jur 2d, Negligence §§ 274 et seq., 284, 429
See the annotations in the Index to Annotations under Contribu-
tory Negligence or Assumption of Risk.

due process guarantees (MCL 408.321 *et seq.;* MSA 18.483[1] *et seq.*).

*Schurgin, Rundell & Rosenberg* (by *Curtis G. Rundell II*), for plaintiff.

*Sullivan, Ward, Bone, Tyler, Fiott & Asher, P.C.* (by *Michelle A. Thomas*), for defendant.

Before: HOOD, P.J., and WAHLS and P. C. EL-LIOTT,* JJ.

PER CURIAM. This action arises out of a skiing accident. Plaintiff, Michelle Grieb, was injured when she was struck from behind by an unknown skier while skiing on a slope at defendant Alpine Valley Ski Resort. Plaintiff brought suit against defendant. The trial court granted a motion for accelerated judgment pursuant to MCR 2.116 on the ground that plaintiff's cause of action against Alpine was precluded under the Ski Area Safety Act, 1962 PA 199, MCL 408.321 *et seq.;* MSA 18.483[1] *et seq.* Plaintiff appeals as of right and presents two issues with respect to this statute, its interpretation, and its constitutionality.

MCL 408.342(2); MSA 18.483(22)(2) provides as follows:

Each person who participates in the sport of skiing accepts the dangers that inhere in that sport insofar as the dangers are obvious and necessary. Those dangers include, but are not limited to, injuries which can result from variations in terrain; surface or subsurface snow or ice conditions; bare spots; rocks, trees, and other forms of natural growth or debris; collisions with ski lift towers and their components, with other skiers, or with properly marked or plainly visible snow-making or snow-grooming equipment.

* Circuit judge, sitting on the Court of Appeals by assignment.

A statute is not open to construction by the courts unless the language used in the statute is ambiguous or where reasonable minds may differ. *Sam v Balardo,* 411 Mich 405, 418; 308 NW2d 142 (1981); *Lansing v Lansing Twp,* 356 Mich 641, 649; 97 NW2d 804 (1959). The standard of review is easily summarized in *Cliffs Forest Products Co v Al Disdero Lumber Co,* 144 Mich App 215, 222; 375 NW2d 397 (1985):

> The cardinal rule of statutory construction is to ascertain and effectuate the Legislature's intent. *Lansing v Lansing Twp,* 356 Mich 641; 97 NW2d 804 (1959). Statutory language should be construed reasonably and the purpose of the statute and its objective should be kept in mind. *Schoolcraft Co Bd of Comm'rs v Schoolcraft Memorial Hospital Bd of Trustees,* 68 Mich App 654; 243 NW2d 708 (1976), *lv den* 397 Mich 838 (1976). A provision should be read in its entirety and in connection with the rest of the statute. Whenever possible the meaning of one section of a statute should be read in harmony with the rest of the statute. Statutes are construed so that their words will have a reasonable meaning. *Wyandotte Savings Bank v State Banking Comm'r,* 347 Mich 33; 78 NW2d 612 (1956).

We have reviewed the above statutory section and find that it clearly and unambiguously provides that an injury resulting from a collision with another skier is an obvious and necessary danger assumed by skiers.

The statute says that a skier accepts the obvious and necessary dangers of the sport. The statute goes on to list examples of obvious and necessary dangers. One example is a collision with another skier. Our interpretation is supported by the words "Those dangers include, but are not limited to . . . collisions . . . with other skiers . . . ."

Further, this construction is consistent with the Legislature's intent of promoting safety, reducing litigation and stabilizing the economic conditions in the ski resort industry. Senate Legislative Analysis, SB49, Second Analysis, April 17, 1981.

Given our construction of this section of the statute it is necessary to consider the constitutional issues raised.

The Michigan Constitution secures the same right of equal protection (Const 1963, art 1, § 2) and due process (Const 1963, Art 1, § 17) as does its counterpart in the United States Constitution (US Const, Am XIV). *Shavers v Attorney General,* 402 Mich 554; 267 NW2d 72 (1978), reh den 403 Mich 958 (1978), cert den 442 US 934 (1979). *Fox v Employment Security Comm,* 379 Mich 579, 588; 153 NW2d 644 (1967). There are two principal considerations in any judicial review under either the equal protection or due process clause: the role of the courts in constitutional adjudication and the test to be applied. *Manistee Bank & Trust Co v McGowan,* 394 Mich 655, 665-666; 232 NW2d 636 (1975). This Court must be mindful that certain areas are reserved to the legislative branch. However, all agree that the power of the Legislature is not limitless.

As is well established, to ensure that those limits are not exceeded, the courts are entrusted with the responsibility to review legislative acts and, if necessary, to nullify those which are repugnant to the constitution. Therefore, it is fair to say that the Legislature sets policy through statutes and the courts ensure their constitutionality. In this delicate balance between the branches, it is always important to remind oneself that a legislative statute's appearance of undesirability, unfairness, or unjustness does not in itself empower this Court to override the Legislature and substitute its

own solution, thereby acting as a "super-legislature." *Dandridge v Williams,* 397 US 471; 90 S Ct 1153; 25 L Ed 2d 491 (1970); *Shapiro v Thompson,* 394 US 618, 661-662; 89 S Ct 1322, 1346; 22 L Ed 2d 600, 631 (1969); *Manistee Bank & Trust Co, supra,* pp 666-667. Finally, statutes are presumed valid; the burden of rebutting that presumption is on the person challenging the statute. *Shavers, supra,* p 614.

There is a two-tiered approach used in equal protection cases. *Manistee Bank & Trust Co, supra,* pp 668-669. Where the legislation discriminates against a "suspect class" or impinges on a "fundamental right," courts examine it with "strict scrutiny" to identify whether a compelling state interest exists which justifies the classification. Where neither a "suspect class" nor a "fundamental right" is involved, such as with social or economic legislation, the "rational basis" test is applied. *Id.* Under this level of scrutiny, the legislative classification will only be found invalid where persons are treated differently on the basis of criteria wholly unrelated in a rational way to the objective of the statute. *Id.* Our inquiry is limited to the issue of whether any state of facts, either known or which could be reasonably assumed, afford support for the statute. *Dandridge, supra,* p 485; *Eastway v Eisenga,* 420 Mich 410, 420; 362 NW2d 684 (1984); *Manistee Bank & Trust Co, supra,* p 668.

We have extensively reviewed the legislative history of the act, in particular the 1981 amendment presently in question. The Legislature perceived a problem with respect to the inherent dangers of skiing and the need for promoting safety, coupled with the uncertain and potentially enormous ski area operators' liability. Given these competing interests, the Legislature decided to

establish rules in order to regulate the ski opera-
tors and to set out ski operators' and skiers' re-
sponsibilities in the area of safety. MCL 408.340 *et
seq.;* MSA 18.483(20) *et seq.* As part of this reform,
the Legislature has decided that all skiers assume
the obvious and necessary dangers of skiing. This
is a rational solution for limiting ski area opera-
tors' liability and promoting safety.

Plaintiff's argument that the safety of the citi-
zen is a higher interest than the economic well-
being of the ski industry and the state, so that the
latter interests must give way to the former, goes
to the wisdom of the legislation, not the constitu-
tionality.

Judicial review of substantive due process chal-
lenges to socioeconomic legislation is essentially
the same as that used under equal protection
challenges. *Shavers, supra,* p 612; *Johnson v Har-
nischfeger Corp,* 414 Mich 102, 117-118; 323 NW2d
912 (1982). The test to determine whether legisla-
tion enacted pursuant to the police power com-
ports with due process is whether the legislation
bears a reasonable relation to a permissible legis-
lative objective. *Shavers, supra,* p 612; *Johnson,
supra,* pp 117-118. Plaintiff bears the burden of
overcoming the presumption of constitutionality
by showing that no public purpose is served by the
Ski Area Safety Act or that no reasonable rela-
tionship exists between the statutory means
adopted and the public purpose sought to be
achieved by such legislation. *Eastway, supra,* p
420.

The purposes of the legislation include safety,
reduction in litigation and economic stabilization
of an industry which substantially contributes to
Michigan's economy. The delineation of ski opera-
tors' and skiers' duties and responsibilities, along
with skiers' assumption of certain expressed inher-

ent dangers, are reasonably related to obtaining these legitimate state objectives. The safety and economic rationales under the amended act are legitimate state objectives which are accomplished through a reasonable scheme rationally related to the stated legislative purpose. As such, the legislation does not violate the equal protection or due process guarantees of the constitution.

Affirmed.