MR. JUSTICE McDONOUGH,
dissenting:
*117 A statute might be unfair but not unconstitutional. Our “skier responsibility” statute, Section 23-2-736, MCA, does not violate the constitutional guarantee of equal protection.
The majority opinion points out the statute classifies skiers separately and treats them differently than those who are engaged in other sports activities which are inherently dangerous, and places the ski area operators in a separate class and allows them certain rights not enjoyed by other recreational businesses. The equal protection question becomes, then, does the statute have some rational basis in fact and bear a rational relationship to legitimate state objects? Or, are the skiers being treated differently on a basis of a criteria wholly unrelated in a rational way to the objectives of the statute?
The objective of Section 23-2-736, MCA, is to define the duties and responsibilities of the skier and the ski area operator because of the inherent risks in the sport of skiing. Statutes in this part also define the responsibility of the ski lift operators and of the lift passengers. Would anyone challenge the rationality of such provisions or of provisions governing roller coasters and passengers? Risk distinctions between sports exist, and rational choices based on the perceived distinctions are made everyday. Sky diving and bull riding are to some people considered dangerous, while football is not. The legislature should be free to recognize the degrees of such risk and impose duties and obligations where needed.
The classification here is proper because it includes all who possess the characteristics or attributes which are the basis of the classification. Skier’s differences from those excluded (such as sky divers and bull riders) are substantial and are related to the purpose of this legislation.
Legitimate purposes and objectives here are safety, prevention of frivolous lawsuits, and reduction of liability of the ski area operators because of the uncertain potentially great ski area operator’s liability. These reasons are valid as a basis for the classification. See Pizza v. Wolf Creek Ski Development Corp. (Colo. 1985), 711 P.2d 671; Grieb v. Alpine Valley Ski Area, Inc. (1986), 155 Mich.App. 484, 400 N.W.2d 653.
The majority essentially does not agree with the legislature as to some of the delineated duties and responsibilities. This is not a basis for violation of the equal protection clause.
The proposed instruction of the majority, under their reasoning, would violate the equal protection clause by shifting the burden of *118 responsibility to the ski area operator for all risks that are not essentially impossible for him to eliminate. It substitutes the Court’s judgment for that of the legislature in violation of Section 1-1-108, MCA.
I concur, however, with the majority as to the unconstitutionality of Section 23-2-737, MCA, “Effect of comparative negligence”, but for another reason. It clearly violates Section 12, Article V of the 1972 Montana Constitution, which provides as follows: “the Legislature shall not pass a special or local act when a general act is, or can be made, applicable.” This is a special act under these circumstances and the general comparative negligence act is applicable.