SKENE v FILECCIA

Docket No. 174442. Submitted April 13, 1995, at Detroit. Decided
      August 22, 1995, at 9:00 A.M.

   Julie A. Skene brought an action in the Oakland Circuit Court
      against Steve Fileccia and Bonaventure Skating Center, seek-
      ing damages for injuries sustained when Fileccia collided with
      the plaintiff while roller-skating on Bonaventure's rink. The
      court, Jessica R. Cooper, J., granted summary disposition for
      the defendants on the basis of the Roller Skating Safety Act,
      MCL 445.1721 *et seq.*; MSA 18.485(1) *et seq.* The plaintiff
      appealed.

         The Court of Appeals *held:*

         1. The trial court properly granted summary disposition on
      the basis that, pursuant to the act, the plaintiff assumed the
      risk of the dangers inherent in the sport of roller-skating.

         2. The act is clear and unambiguous. By participating in the
      sport of roller-skating, the plaintiff accepted the dangers that
      inhere in the sport insofar as they are obvious and necessary.
      Specifically included within such dangers are injuries that
      result from collisions with other roller-skaters. The plaintiff
      was injured from an obvious and necessary danger of roller-
      skating and may not recover damages.

         3. The assumption of risk clause of the statute, MCL
      445.1725; MSA 18.485(5), renders the reasonableness of the
      roller-skaters' or the roller-skating rink operator's behavior
      irrelevant.

         Affirmed.

NEGLIGENCE — ROLLER SKATING SAFETY ACT — ASSUMPTION OF RISK.

      The Roller Skating Safety Act provides that a roller-skater, by
      participating in the sport of roller-skating, accepts the dangers
      that inhere in the sport insofar as they are obvious and
      necessary; specifically included within such dangers are injuries
      that result from collisions with other roller-skaters; the as-

REFERENCES

Am Jur 2d, Amusements and Exhibitions § 98.
Liability of owner or operator of skating rink for injury to patron.
      24 ALR3d 911.

sumption of risk clause of the act renders the reasonableness of the roller-skaters' or roller-skating rink operator's behavior irrelevant because, by the mere act of roller-skating, the skater accepts as a matter of law the risk of injury in a manner described by the act (MCL 445.1725; MSA 18.485[5]).

*Bodo Schimers,* for Julie A. Skene.

*Bieber & Czechowski, P.C.* (by *Walter Bieber*), for Steve Fileccia.

*Anselmi & Mierzejewski, P.C.* (by *Kurt A. Anselmi*), for Bonaventure Skating Center.

Before: O'CONNELL, P.J., and WAHLS and N. O. HOLOWKA,* JJ.

WAHLS, J. Plaintiff appeals as of right from the trial court's grant of summary disposition in this negligence action that requires interpretation of the Roller Skating Safety Act (the act), MCL 445.1721 *et seq.*; MSA 18.485(1) *et seq.* Plaintiff fractured her wrist after defendant Steve Fileccia ran into her while skating on the rink of defendant Bonaventure Skating Center. The trial court granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(10) on the basis that plaintiff assumed the risk of the dangers inherent in the sport of roller-skating. We affirm.

Plaintiff argues that because there were genuine issues of material fact regarding defendants' compliance with the act, summary disposition was inappropriate. We disagree. A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual basis underlying a plaintiff's claim. *Radtke v Everett,* 442 Mich 368, 374; 501 NW2d 155 (1993). MCR 2.116(C)(10) permits summary disposition when, except with regard to damages, there is

---

* Circuit judge, sitting on the Court of Appeals by assignment.

no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Id.* A court reviewing such a motion, therefore, must consider the pleadings, affidavits, depositions, admissions, and any other evidence in favor of the party opposing the motion and grant the benefit of any reasonable doubt to the opposing party. *Id.* This Court reviews the trial court's grant or denial of a motion for summary disposition de novo as a matter of law. *Garvelink v Detroit News,* 206 Mich App 604, 607; 522 NW2d 883 (1994).

The Roller Skating Safety Act provides in pertinent part:

> Each roller skating center operator shall do all of the following:
>
> *     *     *
>
> (b) Comply with the safety standards specified in the roller skating rink safety standards published by the roller skating rink operators association, (1980). [MCL 445.1723; MSA 18.485(3).]

> While in a roller skating area, each roller skater shall do all of the following:
> (a) Maintain reasonable control of his or her speed and course at all times.
> (b) Read all posted signs and warnings.
> (c) Maintain a proper lookout to avoid other roller skaters and objects.
> (d) Accept the responsibility for knowing the range of his or her own ability to negotiate the intended direction of travel while on roller skates and to skate within the limits of that ability.
> (e) Refrain from acting in a manner which may cause injury to others. [MCL 445.1724; MSA 18.485(4).]

> Each person who participates in roller skating accepts the danger that inheres in that activity insofar

as the dangers are obvious and necessary. Those dangers in clude, but are not limited to, injuries that result from collisions with other roller skaters or other spectators . . . . [MCL 445.1725; MSA 18.485(5).]

A roller skater, spectator, or operator who violates this act shall be liable in a civil action for damages for that portion of the loss or damage resulting from the violation. [MCL 445.1726; MSA 18.485(6).]

Michigan courts have held that a fundamental rule of statutory construction is to ascertain the purpose and intent of the Legislature in enacting a provision. *Farrington v Total Petroleum, Inc,* 442 Mich 201, 212; 501 NW2d 76 (1993). Statutory language should be construed reasonably, and the purpose of the statute and its objective should be kept in mind. *Grieb v Alpine Valley Ski Area, Inc,* 155 Mich App 484, 486; 400 NW2d 653 (1986). The first criterion in determining intent is the specific language of the statute. *House Speaker v State Administrative Bd,* 441 Mich 547, 567; 495 NW2d 539 (1993). I.c the statutory language is clear and unambi&  .s, judicial construction is neither required nor permitted, and courts must apply the statute as written. *Turner v Auto Club Ins Ass'n,* 448 Mich 22, 27; 528 NW2d 681 (1995).

Here, the statute is clear and unambiguous. By participating in the sport of roller-skating, plaintiff accepted the dangers that inhere in the sport insofar as they are obvious and necessary. MCL 445.1725; MSA 18.485(5). Specifically included within such dangers are "injuries that result from collisions with other roller skaters." *Id.* Because the act is clear and unambiguous, this Court must apply the act as written. *Turner, supra,* p 27. Here, plaintiff was injured from an obvious and necessary danger of roller-skating and may not recover damages. MCL 445.1725; MSA 18.485(5).

 Plaintiff argues that there were genuine issues of material fact whether defendants breached their respective duties under the act and are liable. However, in construing a statute, the court should presume that every word has some meaning and should avoid any construction that would render a statute, or any part of it, surplusage or nugatory. *Frank v William A Kibbe & Associates, Inc,* 208 Mich App 346, 350-351; 527 NW2d 82 (1995). Plaintiff's construction of the act would render § 5, the assumption of risk clause, surplusage and nugatory.

In addition, plaintiff's construction is inconsistent with the legislative intent of the act. The act's legislative history suggests that its purpose is to prescribe the duties and liabilities of roller-skating center operators and persons who patronize the skating centers. See House Legislative Analysis, SB 134, November 29, 1988, p 1. Roller-skating rink operators claimed that many injuries were caused by the skaters' own inability or carelessness and not by the owners' negligence. See *id.* Because these types of cases resulted in lawsuits that were expensive to defend, insurance rates increased significantly and some owners were having trouble obtaining insurance. See *id.*

This legislative history suggests a harmony with the Ski Area Safety Act, MCL 408.321 *et seq.*; MSA 18.483(1) *et seq.* The object of the in pari materia rule of statutory construction is to carry into effect the purpose of the Legislature as found in harmonious statutes regarding a subject. *Jennings v Southwood,* 446 Mich 125, 136; 521 NW2d 230 (1994). Statutes should be read in pari materia when they relate to the same person or thing, to the same class of persons or things, or have the same purpose or object. *Richardson v Jackson Co,* 432 Mich 377, 384; 443 NW2d 105 (1989).

Here, the language and legislative history of the Roller Skating Safety Act suggest that it is patterned after the Ski Area Safety Act. Indeed, the relevant clause outlining the assumption of risk that roller-skaters agree to accept when they participate in roller-skating, MCL 445.1725; MSA 18.485(5), is virtually identical to that found in the Ski Area Safety Act, MCL 408.342(2); MSA 18.483(22)(2). Here, both the Roller Skating Safety Act and the Ski Area Safety Act were designed to cut down on the liability of owners and operators for injuries that result from the inherent dangers of the sports as opposed to the negligence of area operators. Accordingly, the two statutes should be read in pari materia. *Richardson, supra,* p 384.

In *Grieb, supra,* p 485, the plaintiff brought suit, seeking damages for injuries she sustained after being struck from behind by an unknown skier while skiing on a slope at the defendant Alpine Valley Ski Resort. This Court held that a skier accepts the obvious and necessary dangers of the sport and that those dangers include collisions with other skiers. *Id.,* p 486. This Court found the Ski Area Safety Act to be unambiguous and that the statute provides that an injury resulting from a collision with another skier is an obvious and necessary danger assumed by skiers. *Id.*

Similarly, in *Schmitz v Cannonsburg Skiing Corp,* 170 Mich App 692, 693; 428 NW2d 742 (1988), the plaintiff's decedent died as the result of injuries incurred when he struck, while downhill skiing, the lone tree growing on a ski slope operated by the defendant. This Court found that it was the purpose of the Ski Area Safety Act to make the skier, rather than the ski area operator, bear the burden of damages from injuries. *Id.,* p 695. The assumption of risk clause renders the

reasonableness of the skier's or the ski area operator's behavior irrelevant. *Id.,* p 696. By the mere act of skiing, the skier accepts the risk that he may be injured in a manner described by the statute. *Id.* The skier must accept these dangers as a matter of law. *Id.*

Here, because the Roller Skating Safety Act should be read in pari materia with the Ski Area Safety Act, the assumption of risk clause of the roller-skating act renders the reasonableness of the roller-skaters' or the roller-skating rink operator's behavior irrelevant. *Schmitz, supra,* p 696. The statutory language is clear and unambiguous and provides that an injury resulting from a collision with another roller-skater is an obvious and necessary danger of roller-skating. *Grieb, supra,* p 486. Plaintiff, not the roller-skating rink, must bear the burden of the damages of plaintiff's injuries. *Schmitz, supra,* p 695. There is no genuine issue of material fact and defendants are entitled to summary disposition as a matter of law. MCL 445.1725; MSA 18.485(5).

Affirmed.