WEISMAN v U S BLADES, INC

Docket No. 175951. Submitted May 23, 1996, at Detroit. Decided July 9, 1996, at 9:30 A.M.

Marc F. Weisman brought an action in the Oakland Circuit Court against U. S. Blades, Inc., seeking damages for injuries sustained when the plaintiff, after nearly colliding with another skater, hit a tunnel wall while he was in-line skating at the defendant's rink. The court, Robert C. Anderson, J., granted summary disposition for the defendant. The plaintiff appealed.

The Court of Appeals *held*:

1. In-line skates are roller skates. Skating with in-line skates is roller skating with roller skates for purposes of the Roller Skating Safety Act, MCL 445.1721 *et seq.*; MSA 18.485(1) *et seq.*

2. The defendant's place of business is a roller skating center under the act. The plaintiff was a roller skater under the act.

3. The plaintiff's collision with a tunnel wall as a result of a near collision with another skater resulted from obvious and necessary dangers of roller skating. The assumption of risk clause of the act, MCL 445.1725; MSA 18.485(5), prevents the plaintiff from recovering damages unless the damages resulted from a violation of the act, MCL 445.1726; MSA 18.485(6). The plaintiff did not allege specific facts and present evidence showing that his injuries resulted from the defendant's failure to comply with the act. Summary disposition was proper under MCR 2.116(C)(10).

Affirmed.

1. NEGLIGENCE — ROLLER SKATING SAFETY ACT — ROLLER SKATES — IN-LINE SKATES — ROLLER SKATING CENTER.

In-line skates are roller skates for purposes of the Roller Skating Safety Act; skating with in-line skates is roller skating for purposes of the act; a building, facility, or premises that provides an area specifically designed for roller skating by the public is a roller skating center (MCL 445.1722[c],[d]; MSA 18.485[2][c],[d]).

2. NEGLIGENCE — ROLLER SKATING SAFETY ACT — ASSUMPTION OF RISK.

The Roller Skating Safety Act provides that a person who participates in the sport of roller skating accepts the danger that inheres in that

activity insofar as the dangers are obvious and necessary (MCL 445.1725; MSA 18.485[5]).

3. Negligence — Roller Skating Safety Act.

    The Roller Skating Safety Act imposes liability for a violation of the act only if the damages result from the violation of the act (MCL 445.1726; MSA 18.485[6]).

*David F. Zuppke, P.C.* (by *David F. Zuppke* and *Michael Emmett Hunt*), for the plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Janet Callahan Barnes* and *Robert G. Chaklos, Jr.*), for the defendant.

Before: Corrigan, P.J., and MacKenzie and P. J. Clulo,* JJ.

Per Curiam. Plaintiff appeals of right an order granting summary disposition under MCR 2.116(C)(8) and (10) in this negligence action under the Roller Skating Safety Act, MCL 445.1721 *et seq.*; MSA 18.485(1) *et seq.* Plaintiff fractured a finger, wrist, and elbow after a child nearly collided with him, causing him to hit a tunnel wall while he was in-line skating at defendant's rink. We affirm.

Plaintiff argues that genuine issues of material fact existed regarding whether the Roller Skating Safety Act applies and whether defendant U.S. Blades, Inc., complied with the act. We disagree. This Court reviews de novo an order granting summary disposition. *Butler v Ramco-Gershenson, Inc,* 214 Mich App 521, 524; 542 NW2d 912 (1995). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Radtke v Everett,* 442 Mich 368, 374; 501 NW2d 155 (1993). MCR 2.116

* Circuit judge, sitting on the Court of Appeals by assignment.

(C)(10) permits summary disposition when, except as to damages, there is no genuine issue regarding any material fact, and the moving party is entitled to judgment as a matter of law. *Id.* Giving the benefit of doubt to the nonmovant, this Court must independently determine whether the movant would have been entitled to judgment as a matter of law. *Lytle v Malady*, 209 Mich App 179, 183-184; 530 NW2d 135 (1995), lv gtd 451 Mich 920 (1996).

Plaintiff argues that the Roller Skating Safety Act does not govern this case because defendant's facility is not a "roller skating center" as defined by the act. The Roller Skating Safety Act provides in pertinent part:

> (c) "Roller skater" means a person wearing roller skates while that person is in a roller skating center for the purpose of roller skating.
> (d) "Roller skating center" means a building, facility, or premises which provides an area specifically designed to be used for roller skating by the public. [MCL 445.1722(c),(d); MSA 18.485(2)(c),(d).]

The act calls for roller skaters to avoid other skaters:

> While in a roller skating area, each roller skater shall do all of the following:
>
> *     *     *
>
> (c) Maintain a proper lookout to avoid other roller skaters and objects. [MCL 445.1724(c); MSA 18.485(4)(c).]

Further, the act expressly provides for the assumption of risk:

> Each person who participates in roller skating accepts the danger that inheres in that activity insofar as the dangers are obvious and necessary. Those dangers include, but are not limited to, injuries that result from collisions with other roller skaters or other spectators, injuries that result from falls, and injuries which involve objects or artificial structures properly within the intended travel of the roller skater which are not otherwise attributable to the operator's breach of his or her common law duties. [MCL 445.1725; MSA 18.485(5).]

Plaintiff argues that at the time of his injury, he was "roller blading" in a "roller blading facility," not roller skating in a roller skating facility and that, therefore, the act is inapplicable. The act does not define the terms "roller skating" or "roller blading." Thus, we must resolve whether in-line skating is "roller skating" and whether in-line skates are "roller skates" for purposes of the act.

The primary goal of statutory interpretation is to give effect to the legislative intent. *Mino v McCarthy*, 209 Mich App 302, 304; 530 NW2d 779 (1995). If the language of the statute is clear, we employ it and do not engage in judicial construction. *Id.* However, if reasonable minds could differ regarding the meaning of a statute, judicial construction is appropriate. *Dep't of Social Services v Brewer*, 180 Mich App 82, 84; 446 NW2d 593 (1989). When the Legislature does not define a word in a statute, the ordinary meaning of the word applies and the court may consult dictionary definitions to construe the statutory language. *In re Estes Estate*, 207 Mich App 194, 208; 523 NW2d 863 (1994).

Plaintiff argues that roller skates have two pairs of wheels side by side, while roller blades have four wheels in a line and that each activity involves differ-

ent starting and stopping mechanisms. Plaintiff contends that he was "roller blading" and not "roller skating." We disagree. The term "roller blade" is properly considered to be a reference to the Rollerblade brand of in-line skates, not the name of the sport or activity in which plaintiff was engaged. *Random House Webster's College Dictionary* (1995), p 1166.

A "roller skate" is defined as "a form of skate with four wheels or rollers, for use on a sidewalk or other surface offering traction." *Id.* An "in-line skate" is defined as "a *roller skate* with typically four hard-rubber wheels in a straight line resembling the blade of an ice skate." *Id.,* p 694. Thus, in-line skates are roller skates. A place where in-line skating occurs is a roller skating facility.

In the instant case, defendant's place of business is a "roller skating center" under the act because it is a facility that provides an area specifically designed for roller skating by the public. MCL 445.1722(d); MSA 18.485(2)(d). Moreover, plaintiff was a "roller skater" under the act because he was wearing roller skates while in a roller skating center for the purpose of roller skating. MCL 445.1722(c); MSA 18.485(2)(c).

Plaintiff next argues that the court improperly granted summary disposition because genuine issues of material fact existed regarding whether defendant U. S. Blades complied with the act. We disagree. Plaintiff asserts that the act does not prescribe that all roller skaters assume the risk of all injuries suffered while roller skating at a roller skating center. In *Skene v Fileccia,* 213 Mich App 1; 539 NW2d 531 (1995), this Court held that the Roller Skating Safety Act is clear and unambiguous. By participating in the sport of roller skating, one accepts the dangers that

inhere in the sport. Specifically included are "injuries that result from collisions with other roller skaters." MCL 445.1725; MSA 18.485(5). In *Skene*, the plaintiff was injured when another skater collided with her. *Id.* This Court found that the plaintiff was injured from an obvious and necessary danger of roller skating and could not recover damages. Plaintiff in this case collided with a wall as a result of a near collision with another skater. Under the act, this near collision with the other skater and the collision with the wall were obvious and necessary dangers of roller skating.

Plaintiff also argues that roller skaters accept the risk of injury only for artificial structures properly within their travel. Thus, if a skater's injuries involve an artificial structure not properly within the travel of the skater, then the injured skater has a cause of action. Plaintiff contends that the wall of the tunnel, with which he collided after interference from another skater, was not properly within his travel.

Plaintiff's construction of the act would render meaningless § 5, the assumption of the risk clause. Summary disposition was proper under MCR 2.116(C)(10) because no genuine issues of material fact existed. The Roller Skating Safety Act imposes liability for a violation of the act only if the damages result from the violation. MCL 445.1726; MSA 18.485(6). Plaintiff has failed to allege specific facts and present evidence showing that his injuries resulted from defendant's failure to comply with the act. Therefore, plaintiff did not carry his burden of proof in opposing the motion. No genuine issues of material fact exist and defendant is entitled to summary disposition as a matter of law. MCL 445.1725;

MSA 18.485(5). Because summary disposition was proper under MCR 2.116(C)(10), we need not address whether it was proper under MCR 2.116(C)(8).

Affirmed.