# SPECIAL ORDERS

*Order Entered April 17, 1997:*

*In re* C H, MINOR, Docket No. 202487. The Court orders that the claim of appeal, while untimely perfected under MCL 722.904(4); MSA 25.248(104)(4) and MCR 5.783(K)(3)(d) by plaintiff's court-appointed attorney, is treated pursuant to this Court's authority under MCR 7.216(A)(7) as an application for delayed appeal under MCR 7.205(F)(1).

Under MCL 722.904(4); MSA 25.248(104)(4) and MCR 5.783(K)(3)(d), a probate court shall grant a waiver of parental consent if the minor is sufficiently mature and well informed to make a decision regarding abortion independently of her parents or if a waiver would be in the best interests of the minor. The record before us reflects that plaintiff will be eighteen years of age within the year, lives independently with her boyfriend and their minor child, is employed and provides support for herself and her child, has not resided with her parents for almost a year, has limited contact with her parents, and receives no financial support from either parent. The record further reflects that plaintiff met with a counselor who is also a registered nurse to whom she was referred by the court, and that the counselor, who discussed abortion, its alternatives, and possible physical and emotional consequences with plaintiff, recommended to the court that a waiver of parental consent be granted. Upon review of the entire record, we find that the probate court erred in concluding that plaintiff was not sufficiently mature and well informed to make a decision independently of her parents. The April 9, 1997, order of the Muskegon County Probate Court denying plaintiff's petition for waiver of parental consent for an abortion is reversed, and plaintiff's petition for waiver of parental consent is granted. This order shall serve as the order granting waiver of parental consent required by the Parental Rights Restoration Act, MCL 722.901 *et seq.*; MSA 25.248(101) *et seq.*, and shall remain valid for ninety days from the date of the clerk's certification of this order. The clerk shall provide plaintiff or plaintiff's attorney with two certified copies of this order. Nothing in this order shall require or permit an abortion that is otherwise prohibited by law. MCR 5.783(K)(1).

*Order Entered May 20, 1997:*

DALE v BETA-C, INC, Docket No. 186731. The Court orders that a special panel shall be convened pursuant to Administrative Order No. 1996-4 to resolve the conflict between this case and *Skene v Fileccia*, 213 Mich App 1; 539 NW2d 531 (1995).

The Court further orders that the opinion in this case released May 6, 1997, is hereby vacated.

The appellant may file a supplemental brief within 28 days of the clerk's certification of this order. Appellee may file a supplemental brief within 21 days of service of appellant's brief. Nine copies must be filed with the Clerk of the Court.