566 N.W.2d 640 (1997)
Lee DALE and Karen Dale, Plaintiffs-Appellants,
v.
BETA-C, INC., d/b/a Detroit Roller Wheels, Defendant-Appellee.
Docket No. 186731.
Court of Appeals of Michigan.
Decided May 6, 1997, at 9:00 a.m.
Vacated May 20, 1997.
Released for Publication July 16, 1997.
Before MARK J. CAVANAGH, P.J., and REILLY, and C.D. CORWIN[*], JJ.

ORDER
Dale v. Beta-C, Inc., Docket No. 186731. The Court orders that a special panel shall be convened pursuant to Administrative Order No. 1996-4 to resolve the conflict between this case and Skene v. Fileccia, 213 Mich.App. 1, 539 N.W.2d 531 (1995).
The court further orders that the opinion in this case released May 6, 1997, is hereby vacated.
The appellant may file a supplemental brief within 28 days of the clerk's certification of this order. Appellee may file a supplemental brief within 21 days of service of appellant's brief. Nine copies must be filed with the Clerk of the Court.
PER CURIAM.
Plaintiffs appeal as of right from an order granting summary disposition in favor of defendant in this negligence case involving injuries sustained at a roller-skating center. We affirm.
Plaintiff Lee Dale described the events leading to his fall in his deposition testimony. Dale stated that a girl cut across the skating rink in his direction. He tried to stop using the toe stopper on his right skate. He got no reaction. He moved to his left to go around the girl, but was unable to avoid a collision with her. He fell and fractured his ankle.
At issue in this case are the following provisions of the Roller Skating Safety Act, 1988 P.A. 389, M.C.L. § 445.1721 et seq.; M.S.A. § 18.485(1) et seq.:
Each roller skating center operator shall...

* * * * * *
(b) Comply with the safety standards specified in the roller skating rink safety standards published by the roller skating rink operators association, (1980).
(c) Maintain roller skating equipment and roller skating surfaces according to the safety standards cited in (b). [Section 3; M.C.L. § 445.1723; M.S.A. § 18.485(3).]
Each person who participates in roller skating accepts the danger that inheres in that activity insofar as the dangers are obvious and necessary. Those dangers include, but are not limited to, injuries that result from collisions with other roller skaters or other spectators, injuries that result from falls, and injuries which involve objects or artificial structures properly within the intended travel of the roller skater which are not otherwise attributable to the operator's breach of his or her common law duties. [Section 5; M.C.L. § 445.1725; M.S.A. § 18.485(5) (emphasis added).]
A roller skater, spectator, or operator who violates this act shall be liable in a civil action for damages for that portion of the loss or damage resulting from the violation. [Section 6; M.C.L. § 445.1726; M.S.A. § 18.485(6).]
Defendant moved for summary disposition on the basis of § 5. Defendant argued that plaintiff's testimony indicated that he fell as a result of a collision with another skater, a risk assumed pursuant to § 5. Plaintiffs relied upon the portion of § 5 emphasized above and § 6 read in conjunction with § 3(b) and (c). Plaintiffs argued in part that defendant's failure to provide a toe stop on the rental skates supplied to Dale was a breach of the roller skating rink safety standards,[1] for which defendant could be held *641 liable under the act. Plaintiffs further argued that Dale did not assume the risk of being supplied with defective skates. The trial court, citing § 5, granted summary disposition in favor of defendant.
We conclude that Skene v. Fileccia, 213 Mich.App. 1, 539 N.W.2d 531 (1995), requires affirmance in this case. Like the present case, Skene involved a plaintiff who was injured in a collision with another skater. The plaintiff argued that there were genuine issues of material fact concerning whether the defendants (the other skater and the skating rink) breached their duties under the act and were liable. This Court disagreed.
[T]he assumption of the risk clause of the roller-skating act renders the reasonableness of the roller-skaters' or the rollerskating rink operator's behavior irrelevant. The statutory language is clear and unambiguous and provides that an injury resulting from a collision with another rollerskater is an obvious and necessary danger of roller-skating. Plaintiff, not the rollerskating rink, must bear the burden of the damages of plaintiff's injuries. There is no genuine issue of material fact and defendants are entitled to summary disposition as a matter of law. [Id. at 7, 539 N.W.2d 531 (citations omitted).]
According to the holding in Skene, if injuries result from a collision with another roller skater or from a fall, the operator will not be liable, regardless of whether the operator complied with the safety standards as required under the act. Injuries from a fall, like injuries from collisions, are included in § 5. Therefore, the holding in Skene provides broad immunity for operators. For example, under the safety standards an operator is required to regularly check the mechanical condition of its rental skates and inspect the skating surfaces before each session. If an operator fails to inspect the floors, and a skater falls because of a dangerous condition on the floor surface, the operator will not be liable because the injury resulted from a fall. Similarly, if the operator fails to regularly check the rental skates and provides skates that are in poor mechanical condition, no liability will attach if the skater is injured by falling, even if the fall was directly caused by the mechanical condition of the skates. According to Skene, because a skater assumes the risk of injuries from falls under § 5, "the reasonableness of the rollerskating rink operator's behavior" is "irrelevant." Skene, supra at 7, 539 N.W.2d 531.
In Weisman v. U.S. Blades, Inc., 217 Mich.App. 565, 570, 552 N.W.2d 484 (1996), this Court stated that the Roller Skating Safety Act "imposes liability for a violation of the act only if the damages result from the violation." The Court affirmed summary disposition for the defendant because the plaintiff had failed to allege specific facts and present evidence showing that his injuries resulted from the defendant's alleged failure to comply with the act. In the present case, we believe that there is a genuine issue of material fact regarding whether plaintiff's injuries were caused, at least in part, by the absence of toe stoppers. Nevertheless, Skene indicates that issues of fact concerning an operator's breach of the duties under the act do not prevent summary disposition in cases where the injuries resulted from a fall or a collision with another skater.
We believe that Skene was wrongly decided and follow it only because we are bound to do so under Administrative Order No. 1996-4. In quoting the pertinent provisions of the Roller Skating Safety Act, Skene omitted quoting and discussing a critical portion at the end of § 5, "which are not otherwise attributable to the operator's breach of his or her common law duties." This clause significantly limits the risks that skaters assume under the statute. Thus, a skater does not assume the risk of all collisions, falls, and so forth, but rather, only those that are "not otherwise attributable to the operator's breach of his or her common law duties."
*642 Skene relied on cases decided under the Ski Area Safety Act, M.C.L. § 408.321 et seq.; M.S.A. § 18.483(1) et seq., to reach the conclusion that the reasonableness of the operator's behavior is irrelevant. Skene, supra at 5-7, 539 N.W.2d 531. However, the assumption of the risk provision of the Ski Safety Act, M.C.L. § 408.342(2); M.S.A. § 18.483(22)(2), does not contain a clause that similarly limits the risks assumed by skiers.[2] The Roller Skating Safety Act was approved on December 20, 1988, four months after the decision in Schmitz v. Cannonsburg Skiing Corp., 170 Mich.App. 692, 696, 428 N.W.2d 742 (1988), in which this Court stated that the assumption of the risk provision in the Ski Area Safety Act rendered the reasonableness of the operator's behavior irrelevant. Arguably, the Legislature's inclusion of the limiting clause in the assumption of the risk provision in the Roller Skating Safety Act was a reaction to the Schmitz decision. At the very least, there is no reason to disregard the clause entirely, as the Court did in Skene.
Finally, as recognized in Skene, in construing a statute, a court should presume that every word has some meaning and should avoid a construction that would render a statute, or any part of it, surplusage or nugatory. Id. at 5, 539 N.W.2d 531. The Roller Skating Safety Act provides that operators "shall be liable in a civil action for damages for that portion of the loss or damage resulting from the violation [of this act]." Section 6. The inclusion of this provision indicates that the Legislature did not intend for operators to be absolutely immune. Yet, Skene`s interpretation of the Roller Skating Safety Act renders the provision nugatory. We cannot conceive any circumstances where an operator would be accountable to a skater for violating the statutory duty to maintain roller skating equipment and surfaces, § 3(c), if the operator's behavior is deemed "irrelevant" when the violation results in injuries from a fall or a collision.
The effect of Skene is to provide immunity to operators for virtually any suit brought by a skater. If the Legislature intended such a result, it would not have included the limiting language in § 5, would not have set forth the duties in § 3, and would not have included in § 6 an "operator" among those who "shall be liable" for damages resulting from violations of the act.
Nevertheless, because § 5, as interpreted in Skene, precludes liability when a skater is injured in a fall or in a collision with another skater, and Skene is controlling under Administrative Order No. 1996-4, the trial court properly granted summary disposition in favor of defendant.
Affirmed.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.
[1] We express no opinion with regard to whether rental of a skate without a toe stopper is a violation of the roller skating rink safety standards. That issue was not argued before the trial court and is not an issue on appeal. Rather, defendant assumed for the sake of argument that a violation was present and contended that the violation was irrelevant because the injury was caused by a collision with another skater. Because defendant did not challenge plaintiffs' assertion that defendant violated the safety standards below, we shall also assume for the sake of argument that the absence of a toe stopper was a violation of the applicable safety standards.
[2] Each person who participates in the sport of skiing accepts the dangers that inhere in that sport insofar as the dangers are obvious and necessary. Those dangers include, but are not limited to, injuries which can result from variations in terrain; surface or subsurface snow or ice conditions; bare spots; rocks, trees, and other forms of natural growth or debris; collisions with ski lift towers and their components, with other skiers, or with properly marked or plainly visible snow-making or snow-grooming equipment. [M.C.L. § 408.342(2); M.S.A. § 18.483(22)(2).]