CARMACKS COLLISION, INC v CITY OF DETROIT

Docket No. 246172. Submitted May 11, 2004, at Detroit. Decided June 1, 2004, at 9:00 A.M.

Carmacks Collision, Inc., filed a complaint in the Wayne Circuit Court alleging that the city of Detroit rigged a bidding process for contracts to repair the city's vehicles in violation of the "fair and just treatment" clause of the Michigan Constitution, Const 1963, art. 1, § 17. The city moved for summary disposition, asserting that the plaintiff failed to state a claim on which relief can be granted. The court, John A. Murphy, J., granted the defendant's motion. The plaintiff appealed.

The Court of Appeals *held*:

To invoke the fair and just treatment clause there must have been an "investigation" as that term is used in the clause. The defendant's request for bids was not an "investigation" as that term is commonly understood. An investigation involves a searching inquiry or careful examination of a plaintiff, its activities, or its principals. In contrast, here, the defendant passively sought limited, basic information and documentation to judge various bidders' qualifications. This type of preliminary information gathering process, in which the plaintiff voluntarily participated by its submission of a bid, does not rise to the level of an investigation for purposes of the fair and just treatment clause.

Affirmed.

*Lawrence R. Walker, P.C.* (by *Lawrence R. Walker*), for the plaintiff.

*Sharon D. Blackmon*, Senior Assistant Corporation Counsel, for the defendant.

Before: SCHUETTE, P.J., and BANDSTRA and COOPER, JJ.

BANDSTRA, J. The sole issue presented in this case is whether an unsuccessful bidder for a municipal con-

tract for vehicle repair can challenge the process by which the bid was rejected on the basis of the "fair and just treatment" clause of the Michigan Constitution. That protection applies only to "legislative and executive investigations." We conclude that the bid process at issue here was not an investigation and affirm the lower court's order granting summary disposition in favor of defendant.

### FACTUAL BACKGROUND

Defendant city of Detroit sent out requests for bids and quotations on contracts for various repair work on vehicles it owned. Along with other bidders, plaintiff responded to all three requests, preparing a sealed bid for each. Plaintiff alleges that it was the lowest bidder on all three requests for quotations. Defendant decided to reject all bids and issue a new request for quotations combining the three previous requests into a single request. Following that rebidding process, plaintiff received one of the contracts awarded by defendant.

Plaintiff filed a complaint alleging that the second bid process was rigged, that it was entitled to be awarded additional contracts on a promissory estoppel theory, and that defendant, through its actions, had violated the fair and just treatment clause of the Michigan Constitution. The lower court granted summary disposition in favor of defendant on these claims. On appeal, plaintiff challenges only the determination that, under the facts and circumstances of this case, it could not state a claim that the fair and just treatment clause of the Michigan Constitution had been violated.

### STANDARD OF REVIEW

The lower court granted the motion for summary disposition regarding plaintiff's fair and just treatment

clause claim under MCR 2.116(C)(8), which tests the legal sufficiency of a complaint. The trial court's decision to grant the motion for summary disposition is reviewed de novo. *Beaudrie v Henderson*, 465 Mich 124, 129; 631 NW2d 308 (2001). Underlying issues of constitutional construction are questions of law we also review de novo. *Mahaffey v Attorney General*, 222 Mich App 325, 334; 564 NW2d 104 (1997).

ANALYSIS

The Michigan Constitution provides, in pertinent part:

> The right of all individuals, firms, corporations and voluntary associations to fair and just treatment in the course of legislative and executive investigations and hearings shall not be infringed. [Const 1963, art 1, § 17.]

Our task is to give effect to the common understanding of this text. " 'The interpretation that should be given it is that which reasonable minds, the great mass of the people themselves, would give it.' " *Lapeer Co Clerk v Lapeer Circuit Court*, 469 Mich 146, 155; 665 NW2d 452 (2003), quoting *Traverse City School Dist v Attorney General*, 384 Mich 390, 405; 185 NW2d 9 (1971) (further quotation omitted). We attempt to give effect to the language in the Constitution as the "popular mind" would have understood it at the time it was adopted. *Comm for Constitutional Reform v Secretary of State*, 425 Mich 336, 340; 389 NW2d 430 (1986), citing *People v Dean*, 14 Mich 406, 417 (1866).

The central question of interpretation presented in this appeal is whether the treatment plaintiff claims was not fair and just occurred in the course of an "investigation."[1] Plainly, the constitutional provision at

---

[1] Plaintiff does not contend that the facts giving rise to this case involved any kind of "hearing." Defendant does not claim that it is not a

issue here provides no protection unless plaintiff's claims arose out of an investigation. See *Johnson v Wayne Co*, 213 Mich App 143, 155; 540 NW2d 66 (1995) (fair and just treatment clause did not apply because case did not involve a hearing or investigation).

There is no Michigan precedent discussing the meaning of the constitutional language requiring an "investigation." However, we find guidance in *Messenger v Dep't of Consumer & Industry Services*, 238 Mich App 524; 606 NW2d 38 (1999). At issue there was the Public Health Code provision exempting information "obtained in an investigation" from the Freedom of Information Act's disclosure requirements. *Id.* at 532-533. This Court reasoned:

> The PHC does not expressly define the term "investigation." In the absence of a statutory definition of a term, a court may consult dictionary definitions to determine the common meaning of a word. *Popma v Auto Club Ins Ass'n*, 446 Mich 460, 470; 521 NW2d 831 (1994); *Weisman v US Blades, Inc*, 217 Mich App 565, 568; 552 NW2d 484 (1996). *Random House Webster's College Dictionary* (2d ed), p 668, defines an "investigation" as "the act or process of investigating or the condition of being investigated" or "a searching inquiry for ascertaining facts; detailed or careful

"legislative" or "executive" agency. We express no opinion on these constitutional terms or whether they apply to the facts of this case. Further, considering our conclusion that no "investigation" occurred here, we need not address plaintiff's contention that it can pursue a fair and just treatment clause claim without possessing a vested property right, in contrast to the requirements for stating a due process claim. Defendant does not challenge that assertion and we note that, in contrast to the due process language in the Michigan Constitution, the right to fair and just treatment is not limited to situations where there may be a deprivation of life, liberty, or property. Further, persons who are subject to an investigation may be treated unfairly or unjustly during the course of the investigation even if their property interests are not at stake. See *Jo-Dan, Ltd v Detroit Bd of Ed*, unpublished opinion per curiam of the Court of Appeals, issued July 14, 2000 (Docket No. 201406).

examination." Similarly, to "investigate" is "to search or examine into the particulars of; examine in detail." *Id.*

\* \* \*

Applying the general principles of statutory construction and the common meaning of "investigation" to the facts of this case, we find that defendant's conduct did not amount to an "investigation" as contemplated by the PHC. Defendant did not engage in a searching inquiry for ascertaining facts, nor did it conduct a detailed or careful examination of the events surrounding plaintiff's alleged misconduct. Rather, by its own admission, defendant conducted only an "administrative review," a "monitoring and a preliminary compilation of information," a "preliminary review," and a "preliminary information gathering process . . . limited to non-intrusive measures" that preceded a "formal field investigation." Indeed, defendant's passive efforts at collecting information concerning the manslaughter charges filed against plaintiff consisted of nothing more than obtaining documents from public agencies and monitoring the criminal proceeding. [*Id.* at 534-535.]

As noted above, we must consider the plain meaning and common understanding of the constitutional language at issue here. Because that was the approach adopted as well for the statutory question at issue in *Messenger*, we find its analysis compelling for the present case.

Under that analysis, plaintiff has failed to allege an "investigation" here. The bid process did not involve any searching inquiry or careful examination of plaintiff, its activities, or its principals. Defendant merely asked for certain information and documentation to judge the bidders' qualifications. For example, defendant required proof that bidders were not delinquent in paying taxes and that they resided in Detroit. This was merely a preliminary information gathering process in which plaintiff voluntarily participated by submitting a

bid. The relatively passive efforts by defendant in gathering innocuous and basic information from prospective bidders do not rise to the level of an "investigation" as that term is properly understood.

In the absence of factual allegations to show that an "investigation" occurred here, plaintiff failed to state a claim under the fair and just treatment clause.[2] The trial court properly granted defendant summary disposition.

We affirm.

---

[2] As defendant points out on appeal, the trial court went on to determine that there is insufficient evidence to determine that plaintiff had been treated unfairly or unjustly even if the investigation requirement was satisfied. We need not reach that alternative ground for the trial court's decision in light of this conclusion.