Wilder, P.J.
 

 Plaintiff, Gregory G. Messenger, M.D., appeals as of right from a trial court order granting defendant’s motion for summary disposition pursuant to MCR 2.116(C)(10) and denying plaintiff’s motion for summary disposition under MCR 2.116(C)(9) and (10). We reverse and remand.
 

 
 *527
 
 I. FACTUAL BACKGROUND
 

 In 1994, plaintiffs wife gave birth to a premature boy and, contrary to the directions of plaintiff and his wife, the hospital staff instituted resuscitation procedures for the infant after its birth. Shortly thereafter, plaintiff, a licensed physician, disconnected the respirator sustaining the infant. Plaintiff was subsequently tried and acquitted of manslaughter for the death of his son.
 

 The criminal proceedings against plaintiff stimulated extensive media coverage, and an article written in the Detroit Free Press prompted defendant to open a file on plaintiff. Although no formal complaint was ever filed against plaintiff for his actions as a licensed physician, plaintiff believed that he was the target of an investigation by defendant and that the Public Health Code (phc), MCL 333.1101
 
 et seq.]
 
 MSA 14.15(1101)
 
 et seq.,
 
 afforded him the right to inspect the material collected about him, even if the allegations were unsubstantiated and did not lead to disciplinary action against him. Acting on this belief, plaintiff sent a letter to defendant seeking access, under the Freedom of Information Act (foia), MCL 15.231
 
 et seq.]
 
 MSA 4.1801(1)
 
 et seq.,
 
 to the information defendant had compiled regarding plaintiffs prosecution, including “all personal notes, records of meetings or discussions, written memoranda or other work product produced by employees” of defendant.
 
 [1]
 

 Defendant responded by letter disclosing some of the requested informátion pursuant to subsection
 
 *528
 
 1(u) of § 13 of the FOIA, MCL 15.213(1)(u); MSA 4.1801(13)(1)(u), and § 16238 of the PHC, MCL 333.16238; MSA 14.15(16238). Specifically, defendant disclosed that it opened a file on plaintiff on April 29, 1994, on the basis of a newspaper account of the criminal charges filed against him; however, it closed plaintiffs file without issuing a complaint on April 27, 1995, after determining that there was insufficient evidence to demonstrate that plaintiff violated the phc. In the same letter, defendant denied plaintiff access to the remaining information, claiming two exemptions to its general duty of disclosure:
 

 Pursuant to section 16238(1) of the Public Health Code, information obtained in an investigation before an administrative complaint is issued is confidential, and “shall not be disclosed except to the extent necessary for the proper functioning of a hearings examiner, a disciplinary subcommittee, or the department.” Therefore, an exemption from release of materials from File No. 43-94-4247-00 [plaintiff’s file] is hereby claimed under section 13(1)(d) of the foia [MCL 15.213(l)(d); MSA 4.1801(13)(l)(d)], as such materials constitute “[rjecords of information specifically described and exempted from disclosure by statute.” Further, an exemption from release of any further information is claimed pursuant to section 13(1)(u) of the foia.
 

 Despite defendant’s response, plaintiff submitted additional foia requests for information regarding himself and other physicians through July 1996. The only information disclosed by defendant was (1) a list of physicians the Michigan Board of Medicine had previously disciplined, (2) plaintiff’s birth date and license number from redacted documents, and (3) a
 
 *529
 
 list of the ítems that defendant was withholding, including the author and date of each document.
 

 After meeting with the chairman of the Board of Medicine, plaintiff suspected that defendant intended to destroy the documents in plaintiffs file, and thus, he filed a complaint in the circuit court seeking disclosure of the information in his file and a preliminary injunction to prevent defendant from destroying the materials therein. The trial court granted the preliminary injunction, and the parties stipulated to retain the documents until the conclusion of the litigation.
 

 Plaintiff brought a motion for summary disposition under MCR 2.116(C)(9) and (10), and defendant moved for summary disposition under MCR 2.116(C)(10). After a hearing regarding the cross motions, the trial court issued a written opinion and order granting defendant’s motion for summary disposition and denying plaintiff’s motion for the same relief. The trial court found that because defendant never issued a complaint against plaintiff, the phc, MCL 333.16238; MSA 14.15(16238), did not afford plaintiff access to the information defendant had compiled after his file was opened. In addition, the trial court determined that the phc generally permits defendant to conduct administrative investigations other than the formal investigations described in §§ 16221 and 16233 of the PHC, MCL 333.16221, 333.16233; MSA 14.15(16221), 14.15(16233), and that the term “investigation” as used in subsections 13(l)(d) and 13(1)(u) of the foia encompassed investigations such as defendant’s despite the fact that the investigation was not conducted pursuant to § 16231 of the PHC, MCL 333.16231; MSA 14.15(16231). The
 
 *530
 
 trial court further rejected plaintiffs argument that defendant abused its discretion by refusing to disclose certain material because § 16238 of the PHC does not afford defendant discretion in this regard. Finally, the trial court found no merit to plaintiffs argument that defendant’s failure to disclose the information was unconstitutional.
 

 H. STANDARD OF REVIEW
 

 We review a trial court’s grant of summary disposition de novo.
 
 Spiek v Dep’t of Transportation,
 
 456 Mich 331, 337; 572 NW2d 201 (1998);
 
 Ins Comm’r v Aageson Thibo Agency,
 
 226 Mich App 336, 340; 573 NW2d 637 (1997). A motion for summary disposition pursuant to MCR 2.116(C)(10) tests whether there is factual support for the plaintiff’s claim.
 
 Singerman v Municipal Service Bureau, Inc,
 
 455 Mich 135, 138; 565 NW2d 383 (1997). The trial court must consider the pleadings, affidavits, admissions, and other documentary evidence submitted by the parties in the light most favorable to the nonmoving party, giving the benefit of reasonable doubt to the nonmovant, to determine whether a record could be developed leaving an issue on which reasonable minds might differ.
 
 Spiek, supra
 
 at 337.
 

 Statutory interpretation involves a question of law that is subject to review de novo, by this Court.
 
 Attorney General v Michigan Public Service Comm,
 
 227 Mich App 148, 153; 575 NW2d 302 (1997).
 

 A determination whether a public record is exempt from disclosure under the foia is a mixed question of fact and law. This Court reviews the trial court’s factual findings for clear error and reviews questions of
 
 *531
 
 law de novo.
 
 Schroeder v Detroit,
 
 221 Mich App 364, 366; 561 NW2d 497 (1997).
 

 m. LEGAL ANALYSIS
 

 Defendant denied plaintiffs request for disclosure of all information compiled with respect to plaintiffs prosecution, citing the statutory exemptions found in subsections 1(d) and 1(u) of § 13 of the FOIA, MCL 15.243(1)(d), (1)(u); MSA 4.1801(13)(1)(d), (1)(u), and § 16238 of the PHC, MCL 333.16238; MSA 14.15(16238). Plaintiff argues that these disclosure exemptions do not apply in this case because defendant did not conduct an “investigation” as defined in the PHC and its administrative rules. We agree.
 

 The policy underlying the enactment of the foia is succinctly stated in the first section of the act:
 

 It is the public policy of this state that all persons, except those persons incarcerated in state or local correctional facilities, are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act. The people shall be informed so that they may fully participate in the democratic process. [MCL 15.231(2); MSA 4.1801(1)(2).]
 

 See
 
 Swickard v Wayne Co Medical Examiner,
 
 438 Mich 536, 543; 475 NW2d 304 (1991);
 
 Schroeder, supra
 
 at 365. Michigan courts have interpreted the policy of the foia as one of full disclosure of public records unless a legislatively created exemption expressly allows a state agency to avoid its duty to disclose the information. See
 
 Bradley v Saranac Community Schools Bd of Ed,
 
 455 Mich 285, 293; 565 NW2d 650 (1997);
 
 Nicita v Detroit (After Remand),
 
 216 Mich App 746, 751; 550 NW2d 269 (1996). Exemp
 
 *532
 
 tions to disclosure under § 13 of the act, MCL 15.243; MSA 4.1801(13), are narrowly construed, and the agency bears the burden of proving that its refusal to disclose the information is compatible with the statute.
 
 Booth Newspapers, Inc v Univ of Michigan Bd of Regents,
 
 444 Mich 211, 231-232; 507 NW2d 422 (1993);
 
 Manning v East Tawas,
 
 234 Mich App 244, 248; 593 NW2d 649 (1999). When ruling whether an exemption under the FOIA prevents disclosure of particular documents, a trial court must make particularized findings of fact indicating why the claimed exemption is appropriate.
 
 Newark Morning Ledger Co v Saginaw Co Sheriff,
 
 204 Mich App 215, 218; 514 NW2d 213 (1994).
 

 A
 

 Defendant first claimed that subsection 13(l)(d) of the FOIA, MCL 15.243(l)(d); MSA 4.1801(13)(l)(d) entitled defendant to an exemption to disclosure of the information requested by plaintiff, which subsection 13(l)(d) provides:
 

 A public body may exempt from disclosure as a public record under this act:
 

 * * *
 

 (d) Records or information specifically described and exempted from disclosure by statute.
 

 Defendant asserted that subsection 1 of § 16238 of the PHC exempted from disclosure the information sought by plaintiff. Thus, we examine subsection 16238(1) to determine if defendant satisfied its burden of showing that the disclosure exemption applied.
 
 Booth Newspapers, supra
 
 at 232. Subsection 16238(1) provides:
 

 
 *533
 
 Except as otherwise provided in section 13(l)(u)(i) and (ii) of the freedom of information act, Act No. 442 of the public acts of 1976, being section 15.243 of The Michigan Compiled Laws, the information including, but not limited to, patient names, obtained in an investigation or a compliance conference before a complaint is issued, is confidential and shall not be disclosed except to the extent necessary for the proper functioning of a hearings examiner, a disciplinary subcommittee, or the department.
 

 It is undisputed that a complaint was never issued against plaintiff and that no compliance conference was held. Therefore, the relevant inquiry is whether the term “investigation” as used in this statute encompasses defendant’s efforts to collect information concerning plaintiff’s criminal prosecution.
 

 We are guided in this analysis by the general principles of statutory interpretation. First, we must look to the legislative intent as evidenced by the plain meaning of the statute.
 
 Auto-Owners Ins Co v Stenberg Bros, Inc,
 
 227 Mich App 45, 50; 575 NW2d 79 (1997). If the language of the statute is unambiguous, we must enforce the terms therein without further analysis.
 
 Kiesel Intercounty Drain Drainage Dist v Dep’t of Natural Resources,
 
 227 Mich App 327, 334; 575 NW2d 791 (1998). However, where the proper meaning of a statute is subject to varying interpretations, judicial construction is appropriate.
 
 Id.
 
 In construing a statute, this Court must review the entire act as a whole,
 
 Bendion v Penobscot Management Co (On Remand),
 
 225 Mich App 235, 242; 570 NW2d 473 (1997), and afford the statute an interpretation that achieves harmony between and among specific provisions to provide a reasonable meaning.
 
 Cliffs Forest Products Co v Al Disdero Lumber Co,
 
 144 Mich App 215, 222; 375 NW2d 397 (1985).
 

 
 *534
 
 The phc does not expressly define the term “investigation.” In the absence of a statutory definition of a term, a court may consult dictionary definitions to determine the common meaning of a word.
 
 Popma v Auto Club Ins Ass’n,
 
 446 Mich 460, 470; 521 NW2d 831 (1994);
 
 Weisman v US Blades, Inc,
 
 217 Mich App 565, 568; 552 NW2d 484 (1996).
 
 Random House Webster’s College Dictionary
 
 (2d ed), p 668, defines an “investigation” as “the act or process of investigating or the condition of being investigated” or “a searching inquiry for ascertaining facts; detailed or careful examination.” Similarly, to “investigate” is “to search or examine into the particulars of; examine in detail.”
 
 Id.
 
 Further, §§ 16221 and 16233 of the phc, MCL 333.16221, 333.16233; MSA 14.15(16221), 14.15(16233), instruct that, during the course of an investigation, the department may hold hearings, take testimony, and administer written, oral, and practical tests to a licensee as investigatory tools.
 

 Applying the general principles of statutory construction and the common meaning of “investigation” to the facts of this case, we find that defendant’s conduct did not amount to an “investigation” as contemplated by the phc. Defendant did not engage in a searching inquiry for ascertaining facts, nor did it conduct a detailed or careful examination of the events surrounding plaintiff’s alleged misconduct. Rather, by its own admission, defendant conducted only an “administrative review,” a “monitoring and a preliminary compilation of information,” a “preliminary review,” and a “preliminary information gathering process . . . limited to non-intrusive measures” that preceded a “formal field investigation.” Indeed, defendant’s passive efforts at collecting information
 
 *535
 
 concerning the manslaughter charges filed against plaintiff consisted of nothing more than obtaining documents from public agencies and monitoring the criminal proceeding. On this record, we find that defendant’s conduct is properly classified as that which
 
 precedes
 
 a formal “investigation” and does not rise to the level of an “investigation” as contemplated by the phc.
 

 Additionally, § 16231 of the PHC states that before an “investigation” can be initiated, the department must seek authorization from the chairperson of the licensee’s board or task force. One of the administrative rules, promulgated pursuant to the Public Health Code, 1996 AACS, R 338.1603, further clarifies that an investigation can be initiated only upon authorization of the chairperson or the chairperson’s designee when requested by the department and that an initial screening or review may be conducted if necessary to determine if reasonable grounds for an investigation exists. The fact that no request for an investigation was initiated by the department in this case is further evidence that defendant’s conduct merely constituted a preliminary review or screening of plaintiff’s file to determine whether reasonable grounds for an investigation existed. Indeed, defendant’s conduct cannot logically be defined as both a “preliminary review” and a formal “investigation.”
 

 We also note that we can find no language in the statutory scheme, and defendant has cited none, that supports defendant’s position that its conduct amounted to an “investigation” of plaintiff. Defendant cites §§ 16221 and 16233 of the phc as authority for conducting an “investigation.” However, reading those provisions together and in context with § 16231, as
 
 *536
 
 we axe required to do,
 
 Kiesel, supra
 
 at 334, we conclude that §§ 16221 and 16233 simply identify certain tools that may be used during the course of an investigation and are not implicated unless the procedures for initiating an investigation set forth in § 16231 are followed.
 

 The burden of proving a disclosure exemption was on defendant, and in that regard, it was required to do more than raise abstract legal arguments to establish its case. See
 
 Booth Newspapers, supra
 
 at 232;
 
 Swickard, supra
 
 at 544. “[foia exemptions are affirmative defenses to requests for documents. An affirmative defense cannot succeed unless the matters upon which it rests are proved. The burden of producing evidence and establishing these facts rests upon the defendant.”
 
 Detroit News, Inc v Detroit,
 
 185 Mich App 296, 300; 460 NW2d 312 (1990). In order to prevail on the legal merits of its argument, defendant was required to demonstrate that its conduct was consistent with statutory authority. Defendant has simply failed to establish a proper nexus between its conduct and a statutory “investigation.”
 

 Accordingly, we conclude that defendant did not conduct an “investigation” as contemplated by the disclosure exemption in § 16238, and therefore, defendant could not rely on subsection 13(l)(d) to avoid plaintiffs FOIA request.
 

 B
 

 Defendant also claimed an exemption to disclosure under MCL 15.243(1)(u); MSA 4.1801(13)(1)(u) of the FOIA, which provides:
 

 A public body may exempt from disclosure as a public record under this act:
 

 
 *537
 
 * * *
 

 (u) Except as otherwise provided in this subdivision, records and information pertaining to an investigation or a compliance conference conducted by the department of consumer and industry services . . . before a complaint is issued. This subdivision does not apply to records and information pertaining to 1 or more of the following:
 

 (i) The fact that an allegation has been received and an investigation is being conducted, and the date the allegation was received.
 

 (ii) The fact that an allegation was received by the department of consumer and industry services; the fact that the department of consumer and industry services did not issue a complaint for the allegation; and the fact that the allegation was dismissed.
 

 There being no dispute that a compliance conference was not conducted, we again conclude that defendant’s activities did not constitute an “investigation” as contemplated by the phc, but instead were merely a preliminary review or screening of plaintiff’s alleged misconduct that did not rise to the level of a formal “investigation.” Defendant has failed to meet its burden of proving entitlement to the disclosure exemption in subsection 13(1)(u) of the FOIA. Accordingly, the information plaintiff requested from defendant was not exempt from disclosure under subsection 13(1)(u).
 

 Although we recognize that defendant has raised legitimate policy questions concerning the propriety of disclosure of unsubstantiated allegations and the difficulty in protecting the interests of licensees and their professional reputations, in the face of the requirement that we narrowly construe FOIA exemptions, these public policy concerns are most appropriately addressed to the Legislature.
 

 
 *538
 
 In light of our conclusion that the information plaintiff requested under the foia was not exempt from disclosure under subsections 13(l)(d) and 13(l)(u), we need not address plaintiffs remaining claims on appeal.
 

 Reversed and remanded for action consistent with this opinion. We do not retain jurisdiction.
 

 [1]
 

 Plaintiff made similar foia requests of the Ingham County Prosecutor, most of which were denied as the prosecutor’s work product. See
 
 Messenger v Ingham Co Prosecutor,
 
 232 Mich App 633; 591 NW2d 393 (1998).