*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID SOLE,

Plaintiff-Appellant,

v

MICHIGAN ECONOMIC DEVELOPMENT
CORP.,

Defendant-Appellee.

UNPUBLISHED
June 4, 2020

No. 350764
Court of Claims
LC No. 19-000007-MZ

Before: RONAYNE KRAUSE, P.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

In this action brought under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, plaintiff, David Sole, appeals as of right the opinion and order of the Court of Claims denying plaintiff's motion for summary disposition[1] and granting summary disposition in favor of defendant, the Michigan Economic Development Corp. (MEDC), under MCR 2.116(I)(2) (opposing party is entitled to judgment). Plaintiff requested information regarding certain tax credits extended to General Motors Corporation (GM), some of which defendant refused to provide on the grounds that it was protected from disclosure by another statute. We affirm.

## I. BACKGROUND

In 1995, the Michigan Legislature enacted the Michigan Economic Growth Authority (MEGA) Act, MCL 207.801 *et seq.*, to promote economic growth and job creation within the state. MCL 207.801. More specifically, MCL 207.804(1) provided that "[t]he [MEGA] is created within the Michigan strategic fund [(MSF)]. The [MSF] shall provide staff for the authority and shall carry out the administrative duties and functions as directed by the authority." Relevant to this appeal, the MEGA allowed a qualifying institution to receive a tax credit for up to 20 years based

---

[1] As the Court of Claims noted in its decision, plaintiff failed to state the ground on which his motion was based. Ultimately, the court reviewed the motion under MCR 2.116(C)(9) (defendant fails to state a valid defense to a claim) and MCR 2.116(10) (no genuine issue as to material fact).

on program guidelines and MEGA board approval. However, the MEGA was abolished in 2012, and all of its power and responsibilities were transferred to the MSF board. Executive Order No. 2012-9.

In November 2018, plaintiff submitted a FOIA request to defendant, seeking:

> [A]ny and all documents regarding [MEGA] tax credits extended to General Motors [(GM)] for any [and] all years the tax credits were issued, including amendments to the credits, value of certificates issued, remaining liability on the certificates including how many years the MEGA tax credits can be claimed, the amount of investment tied to credits, the amount of job growth and/or retention tied to the credits, any alleged basis for not disclosing these credits and legal opinions regarding same, and whether the job growth and[/]or retention goals have been met for each and every credit issued.

Defendant did not respond, so plaintiff's attorney reiterated the request for "documents spelling out the amount, length, and conditions for the [MEGA tax] credits." Defendant's FOIA coordinator then responded by providing a significant volume of nonexempt documents, but denying disclosure of the total amount of the tax credits. Defendant's coordinator explained that the total amount was exempt from disclosure under FOIA because it was confidential information under the Michigan Strategic Fund (MSF) Act, MCL 125.2003 *et seq*.

In January 2019, plaintiff filed a complaint in the Court of Claims challenging defendant's FOIA appeal decision. Plaintiff clarified that it was not seeking financial information provided by GM, but rather the amounts and terms of the credits issued by defendant MEDC. According to plaintiff, GM was in violation of the terms of the MEGA credits and "the public cannot enforce and monitor compliance with the terms of the agreement." Plaintiff sought an order requiring disclosure of the amount of MEGA tax credits awarded to GM for each year they were issued, along with values, amendments to the credits, the number of years GM was able to claim credits, the amount of retention tied to the credits, and information about whether the retention goals were met for each credit issued. In relevant part, defendant contended that it had provided documents evidencing amounts and terms of the grants issued and denied that it had violated the law. At some point during discovery, defendant provided a memorandum reflecting that the MSF Fund Manager had authorized GM's request to consider the "[e]stimated total value of the MEGA tax credit and tax credit cap amount" as "confidential and not subject to disclosure requirements of the [FOIA]" pursuant to the MSF Act.[2]

In June 2019, plaintiff filed a motion for summary disposition. Plaintiff argued, in relevant part, that the confidentiality provision in the MSF Act did not apply to MEGA tax credits and was an improper basis for denial of the requested information. Plaintiff further acknowledged that it was not contesting whether the written agreements spelling out the conditions for the tax credits had been provided, but alleged that the memorandum reflecting the confidentiality of certain documents was only "[r]ecently" supplied, and was insufficient to warrant nondisclosure pursuant to the MEGA, which provided for confidentiality "only for financial or proprietary information

---

[2] We will discuss the specific statutes we reference here below.

submitted by the applicant." Plaintiff posited that the requested information was part of documents prepared by defendant, and not items submitted by GM. The parties provided further argument, largely tracking the arguments they make on appeal, pertaining to the applicability of the MEGA or the MSF Act confidentiality provisions, the underlying purpose of FOIA, and the public need for disclosure and likely lack of harm to GM from disclosure.

In September 2019, the Court of Claims issued a written opinion and order denying plaintiff's motion for summary disposition and granting summary disposition in favor of defendant. The court agreed with defendant that the MSF Act applied, because when the MEGA was abolished, all of its powers were transferred to the MSF board, including the specific power to grant requests for confidentiality of "financial and proprietary information." The court further noted that a similar confidentiality provision had existed under the MEGA. The court acknowledged that defendant had provided a 2015 memorandum regarding GM's confidentiality request. The court also concluded that despite plaintiff's claim that the determination of the total tax credit was issued by defendant and not GM, the statute allowed defendant to exempt items that *relate to* financial or proprietary information submitted. The court concluded that that the amount of the total tax was prepared based on and related to the information provided by GM. Accordingly, because defendant had followed the proper statutory procedure to determine the confidentiality of the information and had asserted a valid defense against plaintiff's claim, defendant was entitled to summary disposition. This appeal followed.

## II. STANDARD OF REVIEW

"The Legislature codified the FOIA to facilitate disclosure to the public of public records held by public bodies." *Herald Co v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 472; 719 NW2d 19 (2006). To that end, the FOIA must be broadly interpreted to allow public access to the records held by public bodies. See *Practical Political Consulting*, *Inc v Secretary of State*, 287 Mich App 434, 465; 789 NW2d 178 (2010). Relatedly, the statutory exemptions must be narrowly construed to serve that policy. See *Herald Co v Bay City*, 463 Mich 111, 119; 614 NW2d 873 (2000). We review the construction of statutes de novo with the fundamental goal of giving effect to the Legislature's intent, and to that end, we may not engage in construction contrary to plain and unambiguous language found in the statute. *Mich Federation of Teachers & Sch Related Personnel, AFT, AFL-CIO v Univ of Mich*, 481 Mich 657, 664; 753 NW2d 28 (2008); *TRJ & E Props, LLC v Lansing*, 323 Mich App 664, 670; 919 NW2d 795 (2018).

Thus, "[t]his Court reviews de novo whether the trial court properly interpreted and applied the FOIA." *Mich Open Carry, Inc v Dep't of State Police*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 348487); slip op at 3. Whether a public record is exempt from disclosure under the FOIA is also reviewed de novo. *King v Mich State Police Dep't*, 303 Mich App 162, 174; 841 NW2d 914 (2013). The trial court's factual findings underlying its application of the FOIA are reviewed for clear error. *Mich Open Carry*, ___ Mich App at ___; slip op at 3. A finding is clearly erroneous if, after reviewing the entire record, we are left with a definite and firm conviction that a mistake was made. *Id*. at ___; slip op at 3.

### III. BACKGROUND LAW AND STATUTES

A public body may claim partial or total exemption of records from disclosure for the reasons listed in MCL 15.243. *Federated Publications*, *Inc v Lansing*, 467 Mich 98, 102; 649 NW2d 383 (2002), mod on other grounds by *Herald Co*, 475 Mich at 470-472. Under MCL 15.243(1)(d), "[a] public body may exempt from disclosure . . . [r]ecords or information specifically described and exempted from disclosure by statute." The burden of proving that an exemption applies rests with the public body asserting the exemption. *Rataj v City of Romulus,* 306 Mich App 735, 749; 858 NW2d 116 (2014). When a public body invokes MCL 15.243(1)(d), "it is necessary to examine the statute under which the public body claims disclosure is prohibited." *MLive Media Group v Grand Rapids*, 321 Mich App 263, 270; 909 NW2d 282 (2017).

Defendant contends that the records at issue in this matter are exempt from disclosure because, pursuant to MCL 125.2005(9) of the MSF Act,

> A record or portion of a record, material, or other data received, prepared, used, or retained by the fund or any of its centers in connection with an application to or with a project or product assisted by the fund or any of its centers or with an award, grant, loan, or investment that relates to financial or proprietary information submitted by the applicant that is considered by the applicant and acknowledged by the board or a designee of the board as confidential shall not be subject to the disclosure requirements of the freedom of information act[.]

The MSF Act further explains that routine financial information may not be considered confidential unless it is proprietary. *Id*. Furthermore, " 'financial or proprietary information' means information that has not been publicly disseminated or which is unavailable from other sources, the release of which might cause the applicant significant competitive harm." MCL 125.2005(12). As the trial court noted, MCL 207.805(3) of the MEGA contains a nearly-identical disclosure exemption provision.

### IV. POLICY

We note as an initial matter that plaintiff has presented forceful arguments regarding the purposes intended to be served by the FOIA, the public importance of the information he seeks disclosed, and the low likelihood of any real harm to GM from that disclosure. We do not necessarily disagree, but we are constrained to follow the law as set forth in the plain language of the relevant statutes. There are some FOIA provisions that call for balancing or for harm assessments.[3] The provision at issue here, MCL 15.243(1)(d), does not. "Generally, when language is included in one section of a statute but omitted from another section, it is presumed that the drafters acted intentionally and purposely in their inclusion or exclusion." *People v*

---

[3] For example, MCL 15.243(1)(n) states that certain records may be exempt from disclosure "unless the public interest in disclosure under this act outweighs the public interest in nondisclosure in the particular instance." For another example, whether personal information is exempt from disclosure under MCL 15.243(1)(a) requires a determination of whether disclosure "would constitute a clearly unwarranted invasion of an individual's privacy."

*Peltola*, 489 Mich 174, 185; 803 NW2d 140 (2011). Thus, we are not at liberty to read into MCL 15.243(1)(d) any permission for us to consider the relative value of disclosure or nondisclosure.

Plaintiff additionally argues, correctly, that the FOIA must be read expansively, and exemptions from disclosure must be read narrowly. *Hagen v Dep't of Ed*, 431 Mich 118, 123-124; 427 NW2d 879 (1988). However, "Michigan courts have interpreted the policy of the FOIA as one of full disclosure of public records unless a legislatively created exemption expressly allows a state agency to avoid its duty to disclose the information." *Messenger v Consumer & Indus Svcs*, 238 Mich App 524, 531; 606 NW2d 38 (1999). As noted, we may not engage in statutory construction contrary to plain and unambiguous language. *Id*. at 533. Furthermore, there is no dispute that MCL 15.243(1)(d) means what it says; in other words, the meaning of the FOIA exemption itself is not in doubt. This appeal turns on interpreting a statute "outside the FOIA." See *Mich Open Carry*, ___ Mich App at ___, slip op at p 6. Although the FOIA is, as plaintiff asserts, a law promoting disclosure, it neither compels nor permits a strained interpretation of, or departure from the plain language of, any other statute. *Id*. at ___, slip op at p 7.

Plaintiff's policy arguments may well be true, but we are powerless to act on them in the absence of a statutory provision permitting us to do so.

## V. ANALYSIS

Plaintiff first argues that the information requested was not exempted under the FOIA, and more specifically, not exempt under MCL 15.243(1)(d), because only items "*specifically* described and exempted" by the statute are exempt from disclosure, and MCL 125.2005(9) can exempt only financial and proprietary information *submitted by the applicant*. We disagree.

It is undisputed that GM applied to defendant for a MEGA tax credit, and using financial or proprietary information submitted by GM, defendant "prepared" the amount of total tax credit. In other words, the total tax credit was "prepared by" defendant, and "relates to financial or proprietary information submitted by" GM. In accordance with MCL 125.2005(9), defendant then granted GM's request to acknowledge the total tax credit as confidential, thereby rendering it not subject to disclosure under the FOIA. As evidence of this exemption, defendant submitted a December 7, 2015 memorandum regarding GM's confidentiality request. According to the memorandum, GM specifically requested that the "[e]stimated total value of [the] MEGA tax credit and tax credit cap amount" be considered confidential, and the strategic fund manager recommended that such information be acknowledged as confidential and signed the memorandum. The memorandum was evidence that GM and defendant followed the necessary procedure under MCL 125.2005(9) to render the information confidential.

Plaintiff argues that the amount of the MEGA tax credit does not meet the definition of "financial or proprietary information" because no harm would come to GM as a result of its disclosure. As noted above, MCL 125.2005(12) defines "financial or proprietary information" as, in part, information that "might cause the applicant significant competitive harm" if released.[4] However, the confidentiality provision in MCL 125.2005(9) extends to any portion of a document

---

[4] MCL 207.805(5) provides a similar definition with this same language.

"*that relates to* financial or proprietary information" (emphasis added). Even if we presume the amount of the tax credit is not, itself, "financial or proprietary information," because the total tax credit was *related to* the information provided by GM, it qualified for the potential exemption if approved by the MSF board. As noted above, the MSF board approved GM's request for confidentiality of the total tax credit.

Plaintiff next points out that under MCL 125.2005(11), "[a]ny document to which the fund is a party evidencing a loan, insurance, mortgage, lease, venture, or other type of agreement the fund is authorized to enter into shall not be considered financial or proprietary information that may be exempt from disclosure under subsection (9)."[5] Plaintiff argues that he "is simply asking for the amount of the tax credit and nothing more," which "is an agreement the fund is authorized to enter into" and thus outside the exemption from disclosure. We disagree, because a document is not the same thing as information.

Defendant does not dispute that it was a party to the agreement under which the MEGA tax credits were awarded to GM. However, even when a document must be disclosed under the FOIA but contains information that falls within one of the FOIA's exemptions, redaction of the exempted information is appropriate. *Bradley v Saranac Community Sch Bd of Ed*, 455 Mich 285, 304; 565 NW2d 650 (1997), mod on other grounds by *Mich Federation of Teachers*, 481 Mich at 660. As noted, MCL 125.2005(9) may apply to a document or *a portion of* a document. Defendant contends, and plaintiff does not dispute, that it did actually disclose the MEGA tax credit agreement itself, redacted to remove any of the confidential information that was subject to exemption. Thus, defendant appears to have properly disclosed the portions of its records that it was permitted by the MSF Act to disclose.

We have recently upheld a similar statutory restriction on firearm records in *Mich Open Carry*, ___ Mich App at ___; slip op at 8. In *Mich Open Carry*, we noted that firearm records were not subject to disclosure under the FOIA because of an exclusion within the concealed pistol licensing act (CPLA), MCL 28.421 *et seq*. More specifically, MCL 28.421b stated, "Firearms records are confidential, [and] are not subject to disclosure under the [FOIA] . . . " This Court concluded that the language within the statute was sufficient to warrant an exemption under MCL 15.243(1)(d ). *Id*. at ___; slip op at 8. The language of MCL 125.2005(9) is nearly identical in that it also exempts from disclosure information that is considered "confidential" and explicitly states that such information is exempt from disclosure under the FOIA. Accordingly, we conclude the Court of Claims properly determined that the information requested was exempt from disclosure under the FOIA because of the statutory prohibition on disclosure of the information under MCL 125.2005(9) and MCL 15.243(1)(d).

Plaintiff finally argues that the amount of the tax credit may not be exempt from disclosure pursuant to MCL 15.243(1)(f). That provision permits exemption of, in relevant part, "commercial or financial information voluntarily provided to an agency for use in developing governmental policy if . . . [a] description of the information is recorded by the public body within a reasonable time after it has been submitted, maintained in a central place within the public body, and made

---

[5] MCL 207.805(5) provides, analogously, that "[f]inancial or proprietary information does not include a written agreement under this act."

-6-

available to a person upon request." MCL 15.243(1)(f)(*iii*). However, "[t]his subdivision does not apply to information submitted as required by law or as a condition of receiving a governmental contract, license, or other benefit." *Id*. We are uncertain what "developing governmental policy" means, although we suspect that was not the purpose for GM's disclosure here. See *Coblentz v City of Novi*, 475 Mich 558, 591-593; 719 NW2d 73 (2006) (CORRIGAN, J).[6] In any event, the final sentence of MCL 15.243(1)(f)(*iii*) does not create a disclosure mandate out of whole cloth, but rather provides that the specific exemption created by MCL 15.243(1)(f)(*iii*) is inapplicable under certain circumstances.

More importantly, the fact that one exemption may not apply does not prove that no exemptions apply. Indeed, our Legislature unambiguously stated within the FOIA that a public record could be exempted under "any" of the exemptions identified in MCL 15.243. MCL 15.243(1). Under the rules of statutory construction, "no part of a statute should be treated as mere surplusage or rendered nugatory." *Bradley*, 455 Mich at 299. Presuming GM's disclosure is encompassed by MCL 15.243(1)(f)(*iii*), the final sentence of that provision means only that a public body may not exempt the information under MCL 15.243(1)(f). The applicability of MCL 15.243(1)(d) is unaffected by the applicability, or not, of any other exemption.

We recognize that plaintiff has made important policy arguments, but under the circumstances, we have no power to entertain them. Affirmed. No costs, in recognition of the public significance of this matter. MCR 7.219(A).

/s/ Amy Ronayne Krause
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra

---

[6] A concurring opinion by a Supreme Court Justice is not binding on this Court, but it may be considered or adopted as instructive. *Pioneer State Mut Ins Co v Wright*, ___ Mich App ___, ___ n 5; ___ NW2d ___ (2020) (Docket No. 347072, slip op at p 7 n 5).